**In re JAN WEILERT RV,
INC., Debtor,**

Ganis Credit Corporation, Appellant,

v.

Karl T. Anderson, Trustee, Appellee.

In re Jan Weilert RV, Inc., Debtor,

Bank of the West, Appellant,

v.

Karl T. Anderson, Appellee.

Nos. 01–55455, 01–56872.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 2002.

Filed Jan. 13, 2003.

Amended April 23, 2003.

John J. Bingham, Jr., Danning, Gill, Diamond & Killitz, LLP, Los Angeles, CA, for the appellee-plaintiff.

John A. Hendry, South Pasadena, CA, for appellant-defendant Ganis Credit Corporation.

Dave M. McGraw, Walnut Creek, CA, for appellant-defendant Bank of the West.

Before: REINHARDT, TROTT and SILVERMAN, Circuit Judges.

## ORDER

The Opinion filed January 13, 2003, is amended as follows:

The Slip Opinion at 15–16 [315 F.3d 1192, 1200], beginning at line 28:

[REMOVE THE FOLLOWING PARAGRAPH:

As we have held, "to apply Section 547(c)(2)(C), the court must look to 'those terms employed by similarly situated debtors and creditors facing the same or similar problems.'" *In re Kaypro*, 218 F.3d at 1074 (citation omitted). While we hold to the rule that evidence as to the range of industry practice is ordinarily required, the problem of refunds of mistaken payments is exceptional. Like all recipients of mistaken payments, Bank of the West was subject to a legal obligation promptly to refund the money. It fulfilled this obligation by issuing a refund check within three days, which would clearly have fallen within the ordinary range no matter what the relevant industry or practice. Here, the "ordinariness" of the Bank's compliance with its legal obligation is obvious, and additional evidence of industry practice could not have assisted the court in recognizing that the refund was "made according to ordinary business terms." The law does not inflexibly demand form over substance.

AND REPLACE WITH THE FOLLOWING PARAGRAPH:

As we have held, "to apply Section 547(c)(2)(C), the court must look to 'those terms employed by similarly situated debtors and creditors facing the same or similar problems.'" *In re Kaypro*, 218 F.3d at 1074 (citation omitted). While we hold to the rule that evidence as to the range of industry practice is ordinarily required, the problem of refunds of mistaken payments is exceptional. Like all recipients of mistaken payments, Debtor was subject to a legal obligation promptly to refund the money. It fulfilled this obligation by issuing a refund check within three days, which would clearly have fallen within the ordi-

nary range no matter what the relevant industry or practice. Here, the "ordinariness" of Debtor's compliance with its legal obligation is obvious, and additional evidence of industry practice could not have assisted the court in recognizing that the refund was "made according to ordinary business terms." The law does not inflexibly demand form over substance.]